1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| DWIGHT D. MAXWELL, | CASE NO. 06cv2180 DMS (BLM) |
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |
| vs. | |
| BRAD L. LOGAN AND MICHAEL J. GILL, AND DOES 1 THROUGH 5, INCLUSIVE, | |
| Defendants. | |

12
13
14
15
16
17
18
19
20

Plaintiff, a non-prisoner proceeding *pro se*, has submitted a Complaint, Declaration, and Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis* ("IFP").

21

**Motion to Proceed IFP**

22
23
24
25
26
27
28

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). This Court finds Plaintiff's affidavit of assets is sufficient to show he is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule

3.2(d).  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims.  *Id.* at 1130.  The newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2).  *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").  As currently pleaded, it appears Plaintiff's Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.

Plaintiff's Complaint arises out of an incident that occurred on August 27, 2005.  Plaintiff alleges he was sitting with his back against a bathroom wall in Mission Bay Park when Defendants began urinating on him and his personal belongings.  Plaintiff alleges Defendants threatened him and hurled racial epithets at him.  Plaintiff contends he was the victim of a hate crime, and Defendants violated his constitutional rights, as well as state law.

Title 42 United States Code Section 1983 allows individuals to bring a civil action for violations of their constitutional rights.  42 U.S.C. § 1983.  A necessary element to any Section 1983 claim, however, is that the defendant acted "under color of any statute, ordinance, regulation, custom,

or usage, of any State or Territory or the District of Columbia[.]" *Id.*  Plaintiff fails to meet this pleading requirement in his Complaint, and thus, he has not stated a claim for relief under Section 1983.  Absent such a claim, this Court lacks subject matter jurisdiction over Plaintiff's state law claims.

**Conclusion and Order**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed IFP is **GRANTED** and the Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  If Plaintiff wishes to proceed with this matter he must, within thirty (30) days: (1) SUBMIT AN AMENDED COMPLAINT WHICH ADDRESSES ALL THE DEFICIENCIES OF PLEADING SET FORTH ABOVE; AND (2) ATTACH A COPY OF THIS ORDER.  If Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, it will be dismissed with prejudice and without any further leave to amend.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996) (holding that court may dismiss action

pursuant to Fed. R. Civ. P. 41(b) if Plaintiff fails to comply with previous court order regarding amendment).

**IT IS SO ORDERED.**

DATED:  October 12, 2006

_____

DANA M. SABRAW
United States District Judge